Permanent disbarment May 16, 1956

# COMPLAINT AS TO THE CONDUCT OF
# WALTER LAMAR TOWNSEND
296 P. 2d 931

PER CURIAM.

Decision and recommendation of the Board of Governors of the Oregon State Bar approved. Defendant permanently disbarred.

This matter is before the court pursuant to a recommendation of the Board of Governors of the Oregon State Bar that Walter Lamar Townsend (also known as W. Lamar Townsend) be permanently disbarred. He is an attorney-at-law, licensed by this court to practice in the state of Oregon, and at the time of the filing of charges had his office in Klamath Falls, Oregon.

Briefly, the facts are: In June, 1950, the circuit court of Oregon for Klamath County, upon the petition of the defendant Townsend, appointed him executor, without bond, of the Last Will and Testament of Joseph M. Cronin. He thereafter took possession of the assets of the Cronin estate, then appraised at $48,359.22, and consisting in the main of cash and securities.

In June 1952, upon the petition of the residuary legatee, an order was made directing the executor to file a semi-annual account of the property in his charge. Upon the failure of the executor to make the report as ordered, the court removed him from his office and appointed another as administrator with the decedent's Will annexed. The new administrator was unable to locate property of the estate of approximately $12,-631.00 in value, which had been previously received by Townsend and not accounted for.

On September 21, 1953, a complaint was filed with the Board of Governors of the Oregon State Bar, charging Townsend with unethical, unlawful, and unprofessional conduct, by reason of his maladministration of the estate, and his conversion of said amount of $12,631.00 of estate money to his own use. A hearing was thereafter had before the Trial Committee of the Bar, to which the complaint was referred. Notice of hearing was duly given, but Townsend failed to appear, either in person or by counsel. The Trial Committee found the accused guilty as charged, and recommended permanent disbarment.

When the matter came on for final determination by the Board of Governors at its meeting held February 4, 1956 the Board unanimously approved the recommendations of the Trial Committee that this court permanently disbar the defendant from the practice

of law in this state. Although notice of these proceedings was directed to the defendant, no petition for review has been filed within the sixty-day period allowed by ORS 9.540.

■ We find that the charges of misconduct made against Townsend have been sustained by the evidence. The standard to which this court adheres in determining matters of this kind will be found at page 159 of *In Re Smith,* 171 Or 151, 134 P2d 956:

"The obligation of a lawyer to his client, the courts, and the public is no ordinary one, but demands honor the most punctilious in the discharge of all his professional duties. During recent years both Bar associations and the courts have become increasingly aware of their duty, not only to deny the high privilege of ministering at the altar of justice to applicants who are unable to demonstrate that they possess the requisite qualifications of character, but, as well, to withdraw that privilege from those who, having been granted it, prove themselves unworthy of their trust. In neither case is the court's office that of punishment. In both it is vindication of ethical standards and protection of the legal profession and the public."

■ It is therefore ordered that Walter Lamar Townsend be permanently disbarred from the further practice of law in this state, and his license is hereby revoked.