Argued January 8, permanently disbarred February 28, 1962

IN RE COMPLAINT AS TO THE CONDUCT OF
# CELIA L. GAVIN
### 369 P. 2d 133

*E. F. Bernard,* Portland, argued the cause and filed briefs for petitioner.

*Don S. Willner,* Portland, argued the cause and filed a brief for the Oregon State Bar.

Before MCALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

## PER CURIAM.

■ Petitioner was tried by a trial committee on an amended complaint containing seven charges of misconduct. The misconduct primarily complained of was that of commingling the funds in her possession belonging to various estates and the misappropriating of similar funds to her own use. The trial committee found her guilty of six of the charges; the Board of Governors found her guilty of five. Permanent disbarment was recommended.

■ Petitioner filed an objection with the Board of Governors to the findings of the trial committee because one of the members thereof died before the findings were completed and signed by the members. The Board took no action on the objection. The same question is presented here.

We fail to see how petitioner has been injured. The findings of the trial committee are reviewed *de novo* by the Board and by this court. If the one member of the trial committee had survived, the most petitioner could have hoped for would have been his refusal to join in the findings. This could not possibly have altered the ultimate result.

Petitioner does not suggest what action the Board should have taken in respect to her objection. There were only two choices: appoint another member to review the proceedings or order a new trial. If the Board had appointed another member of the trial committee to review the transcript and participate in making the findings that would only have added one more person to the *de novo* review. It would have been a foolish expenditure of funds and time to have required a new trial. There was no merit to the objection.

We will not relate the evidence. The facts either

admitted or tacitly admitted establish that petitioner did commingle and misappropriate. Her explanations of justification and that checks drawn on overdrawn accounts were honored by the bank, are not sufficient to avoid a finding of guilt. We have no choice but to adopt the recommendations of the trial committee and the Board.

Petitioner is disbarred. The Oregon State Bar shall have judgment for its costs and disbursements herein.