Submitted January 24, disbarred March 28, 1962

IN RE COMPLAINT AS TO THE CONDUCT OF
# O. H. BENGTSON, ACCUSED
370 P. 2d 239

Leo Levenson, Portland, filed a brief for petitioner.

Donald F. Myrick, and Charles A. Telfer, Grants Pass, filed a brief for the Oregon State Bar.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

The license of the defendant O. H. Bengtson to practice law was suspended on January 31, 1961 pur-

suant to our Rule I,[①] because of his conviction of a felony on October 12, 1960. This matter is now before us upon the recommendation of the Board of Governors of the Oregon State Bar that defendant be permanently disbarred.

The original complaint filed in September, 1960 accused defendant of numerous charges of misconduct, including several charges of larceny by embezzlement. In a supplemental complaint the bar alleged that on October 12, 1960 defendant was convicted in the circuit court for Jackson county of the crime of larceny by embezzlement and sentenced to three years in the state correctional institution. In his answer defendant admitted that he was so convicted and sentenced, but alleged that he had appealed his conviction to this court. The judgment in that case was affirmed by this court, a petition for rehearing was denied and the judgment is now final. *State v. Bengtson,* 73 Adv Sh 987, 330 Or 19, 367 P2d 363.

In a second supplemental complaint the bar alleged that on January 13, 1961 defendant was convicted in the circuit court for Josephine county of the crime of larceny by embezzlement and sentenced to serve two years in the penitentiary, with the sentence to follow consecutively the sentence imposed in the Jackson county case. Again defendant answered, admitting the conviction and alleging that he had appealed to this court from said judgment. The appeal from the second conviction is still pending.

■■ The trial committee and the Board of Governors found defendant guilty of most of the charges

---

[①] Rule I. "Whenever it appears to the Supreme Court that any member of the bar has been convicted of a misdemeanor involving moral turpitude or of a felony, the Court may summarily suspend such member. * * *"

against him, and have recommended permanent disbarment. It is not necessary to burden the record with a consideration of all the charges of which defendant was found guilty. His conviction of the crime of larceny by embezzlement in the circuit court for Jackson county and the affirmance of that judgment on appeal require that defendant be permanently disbarred, regardless of the decision in the appeal of the second conviction of a similar crime and regardless of our disposition of the other charges against him. This court has uniformly disbarred attorneys guilty of embezzlement, both when such defalcations resulted in conviction of a crime, *In re Sylvan J. Fritts,* 217 Or 50, 341 P2d 555 (1959) (conversion); *In re Elmer G. Baldwin,* 209 Or 35, 303 P2d 943 (1956) (larceny by embezzlement); *Conduct of R. H. C. Bennett,* 201 Or 237, 269 P2d 490 (1954) (larceny by bailee); *Conduct of William Y. Powell,* 201 Or 238, 269 P2d 512 (1954) (larceny by embezzlement); and when the defalcations did not result in criminal prosecution. *In re Celia L. Gavin,* 74 Adv Sh 341, 230 Or 187, 369 P2d 133 (1962) (commingling; misappropriation); *In re Chester R. Sloniger,* 224 Or 276, 355 P2d 975 (1960) (conversion); *In re William E. Fuller,* 223 Or 561, 355 P2d 256 (1960) (conversion of public funds); *In re Otto W. Heider,* 217 Or 134, 341 P2d 1107 (1959) (commingling; conversion); *In re Hannon,* 214 Or 51, 324 P2d 753 (1958) (conversion); *In re Reinmiller,* 213 Or 680, 719-725, 325 P2d 773 (1958) (inter alia, misappropriation); *In re David C. Pickett,* 209 Or 33, 303 P2d 943 (1956) (misappropriation); *In re Walter Lamar Townsend,* 207 Or 369, 296 P2d 931 (1956) (conversion).

The defendant is permanently disbarred and the Oregon State Bar shall have judgment for its costs and disbursements herein.