Argued March 8, suspended July 6, 1962

IN RE COMPLAINT AS TO THE CONDUCT OF
# F. DAROLD WINDSOR
373 P. 2d 612

*Charles S. Crookham,* Portland, argued the cause for petitioner. With him on the brief were Duane Vergeer and Vergeer & Samuels, Portland.

*Jonathan U. Newman* and *Robert L. Myers,* Portland, argued the cause and filed a brief for the Oregon State Bar.

Before MCALLISTER, Chief Justice, and ROSSMAN, WARNER, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

PER CURIAM.

The accused has been found by the Oregon State Bar Trial Committee and by the Board of Governors to be guilty of commingling funds belonging to certain clients with his own money in violation of Rule 9 of the Rules of Professional Conduct.

■ We have examined the transcript of testimony, and the numerous exhibits, and are convinced that the accused did commingle certain money that did not belong to him with his own personal funds. Such misconduct is ordinarily ground for disbarment. *In re Otto W. Heider*, 217 Or 134, 341 P2d 1107.

The misconduct in this case was the product of a complicated program in which the accused advanced his own money to former members of the Klamath Indian Tribe in order to satisfy their demands for cash during the pendency of the distribution to them of their shares of the assets of the tribe under 68 Stat 718 (1954), 25 USC § 564 (1958 ed, Supp II). The accused, as attorney for several such persons, mingled his own money with that of such clients while disbursing sums periodically to them in the form of unsecured loans. While the incredible folly of the project may reflect unfavorably upon the judgment of the accused, we find nothing in the record which reflects unfavorably upon his honesty.

■ The rule against commingling is a fundamental rule of professional conduct. One of its purposes is to prevent the exposure of a client's money to the risk of loss. Another purpose is to prevent the appearance of evil. It may be a matter of mitigation in this case that the accused acted in good faith and with the consent of his clients, but it is not a complete defense. Commingling is a violation of an unambiguous pro-

scription found in the rules of professional conduct. It must be punished.

■ The trial committee recommended suspension for one year. The Board of Governors was of the opinion that the accused should be suspended for two years. The record contains multiple charges of misconduct, but all are related to the same transactions and none is supported by sufficient evidence of moral unfitness to warrant disbarment. Under all the circumstances disclosed in the record, and in view of the provisions of Rule H (January 10, 1961) concerning readmission to practice, a suspension of two years will suffice as a punishment. As a warning to others, it is to be noted that readmission to practice after a suspension is not automatic. It will be the order of this court that F. Darold Windsor be suspended for two years, and that the Oregon State Bar recover its costs and disbursements herein.

Attorney suspended.

WARNER, J., concurs in the imposition of punishment, but believes the record warrants permanent disbarment.