Submitted July 7, permanently disbarred July 27, 1964

In re Complaint as to the Conduct of
F. DAROLD WINDSOR, Accused
394 P. 2d 430

No appearances.

PER CURIAM.

This matter is now before us on the recommendation of the Board of Governors of the Oregon State Bar that the defendant, F. Darold Windsor, be permanently disbarred. Heretofore on July 6, 1962 the defendant's license to practice law was suspended for two years because he was found guilty "of commingling funds belonging to certain clients with his own money in violation of Rule 9 of the Rules of Professional Conduct." See, *In re F. Darold Windsor*, 231 Or 349, 373 P2d 612 (1962).

The complaint in this proceeding charged that defendant's accounts as conservator had been surcharged

by orders of the probate court in eight guardianship estates because of unauthorized shortages in said accounts, ranging in amounts from $567.24 to $36,484.17 and totaling $73,650.80. Defendant made no appearance before the trial committee and was found guilty as charged. Both the trial committee and the Board of Governors recommend permanent disbarment. Defendant has made no appearance in this court.

There has been filed in this court a certified copy of a judgment entered on October 3, 1963 in the United States District Court for the District of Idaho, Northern Division, from which it appears that defendant, F. Darold Windsor, was found guilty by that court of mail fraud, and sentenced to pay fines totaling $420.

There has also been filed in this court a certified copy of a judgment entered on June 19, 1964 in the Circuit Court of the State of Oregon for the County of Multnomah, from which it appears that defendant, F. Darold Windsor, was convicted on his plea of guilty of the crime of larceny by embezzlement and was sentenced to the penitentiary for a term of seven years, which sentence was suspended and defendant was placed on probation for a period of five years.

This court has uniformly disbarred attorneys guilty of embezzlement, both when such defalcations resulted in conviction of a crime, and when the defalcations did not result in criminal prosecution. See, *In re O. H. Bengtson,* 230 Or 369, 370 P2d 239 (1962), and cases therein cited.

The defendant is permanently disbarred. The Oregon State Bar shall have judgment against defendant for its costs and disbursements herein.

PERRY, J., did not participate in the consideration or decision of this case.