Submitted on record and brief June 13, accused
permanently disbarred August 7, 1975

In re Complaint as to the Conduct of
GEORGE M. DUGAN, *Accused.*
538 P2d 938

J. Philip Parks and Ross R. Runkel, Salem, filed the brief for the Oregon State Bar.

PER CURIAM.

By this disciplinary proceeding the accused is charged by the Oregon State Bar with (1) misappropriation of a client's funds; (2) commingling a client's funds with his own; (3) knowingly drawing nine checks upon his client's trust account when there were insufficient funds to cover the checks; (4) neglecting a legal matter; and (5) conduct detrimental to the profession.

At the time of the alleged misconduct the accused maintained an office for the practice of law in Salem. Since then he has closed that office. Notice of the complaint was served personally upon the accused, but since then he has apparently disappeared. He failed to answer the complaint, to appear at the hearing before the trial committee of the Oregon State Bar, and to make an appearance in this court to oppose the recommendations of that committee that he be suspended for a minimum of three years, despite the mailing of appropriate notices to his last known address.

At the hearing before the trial committee evidence was offered which established the fact that after the settlement of a personal injury case the accused retained from the settlement draft funds to be used for payment of medical bills, but that he failed to pay some of such bills from such funds, with the result that his client was required to pay such bills.

Evidence was also offered which established that the accused commingled client's funds with his own, as demonstrated by the fact that he drew numerous checks upon his client's trust account for personal use.

In addition, nine checks were drawn by the accused on his client's trust account during a period of approximately two weeks which were returned for insufficient funds.

Finally, evidence was offered which established that the accused neglected at least two legal matters and that he was unavailable to his clients, in violation of his professional obligations.

Based upon this evidence the trial committee found that the accused was guilty of the first four charges of the complaint. Upon reviewing the testi-

mony and exhibits offered at the hearing before the trial committee we agreed and, accordingly, find the accused to be guilty of such charges.

We do not, however, agree with the recommendation of the trial committee that the accused be suspended from practice for three years, rather than permanently disbarred. We recognize, as pointed out by the trial committee, that the accused is a young and inexperienced lawyer and that his more serious offenses involve "a few incidents and certain bad practices."

The misappropriation of a client's funds, the commingling of clients' funds with his own, and the writing of NSF checks on his client's trust account are serious offenses and directly involve the integrity of the accused as a lawyer. Cf. *In re Celia L. Gavin,* 230 Or 187, 369 P2d 133 (1962); *In re Peter Haberlin,* 242 Or 564, 410 P2d 1022 (1966); and *In re Chester R. Sloniger,* 224 Or 276, 355 P2d 975 (1960). The accused had personal notice of these serious charges and offered no evidence to deny, mitigate or otherwise explain them.

In our judgment, the public trust of the Oregon State Bar and its members, including the accused, is such that as an attorney guilty of such misconduct the accused must be permanently disbarred.

It is so ordered.