Argued June 7, petitioner suspended June 20, 1956

IN RE COMPLAINT AS TO THE CONDUCT OF
JAMES L. MEANS
298 P. 2d 983

*James L. Means, in pro. per.,* Portland, and *Randall S. Jones,* Portland, argued the cause for appellant.

*Asa Lewelling,* Salem, argued the cause for respondent.

Before WARNER, Chief Justice, and ROSSMAN, LUSK and PERRY, Justices.

PER CURIAM.

This case is here upon petition of James L. Means, an attorney at law, for review and modification of the recommendation of the board of governors of the Oregon State Bar that he be suspended from the practice of law in the state of Oregon for the period of one year.

The petitioner was charged by the board of governors with unprofessional conduct as follows:

"That during the calendar year 1949 Defendant earned a gross income of $16,928.35 and during the calendar year 1950 Defendant earned a gross income of $22,017.55. That notwithstanding said gross income Defendant failed and neglected to file a federal income tax return for those years or either of them. That Defendant's said failure to file said income tax returns was willful and intentional.

"That in March, 1953, an information was filed against Defendant before the United States District Court for the District of Oregon in which Defendant was charged with willfully and knowingly failing to file a federal tax return for the said years 1949 and 1950. That on October 30, 1953 Defendant pleaded guilty to said information.

\* \* \* \* \*

"That over a period of years prior to the years 1949 and 1950 Defendant willfully and intentionally failed and neglected to file federal income tax returns notwithstanding that he earned sufficient income to require the filing of Federal income tax returns for those years."

The facts alleged in the complaint are not disputed except that the petitioner denies that his failure to file federal income tax returns was willful or intentional. The acts charged constitute a violation of § 145 (a), USC, which provides that any person required by law to make an income tax return shall be guilty of a misdemeanor, and, upon conviction thereof, be fined

not more than $10,000 or imprisoned for not more than one year, or both. On petitioner's plea of guilty to the information filed in the United States District Court the court ordered that imposition of sentence be suspended and that he be released from custody on probation for the period of one year.

Among the statutory causes for disbarment or suspension of an attorney are conviction of a misdemeanor involving moral turpitude (ORS 9.480 (1)) and violation of the duty to support the constitution and laws of the United States and of this state (ORS 9.480 (4) and 9.460 (1)).

 On the argument in this court it was contended by counsel for the Oregon State Bar that the misdemeanor of which the petitioner was convicted involves moral turpitude. There are authorities both ways on that question. *Rheb v. Bar Association of Baltimore City,* 186 Md 200, 45 A2d 289, supports the bar's view. *Bartos v. United States District Court,* 19 F2d 722, is contra. The reasoning in *Hargrove v. United States,* 67 F2d 821, seems to be in harmony with the Bartos case, but we deem it unnecessary to decide the question. Petitioner's offense was undoubtedly a violation of his duty to support the laws of the United States. "He violated the law that it was his duty to uphold." *State v. Woerndle,* 109 Or 461, 477, 209 P 604, 220 P 744. Not every violation of law by an attorney, of course, is cause for disciplinary action by the court. But, if it be true, as held by the Circuit Court of Appeals for the Fifth Circuit in *Hargrove v. United States,* supra, (opinion by Hutcheson, circuit judge) that under the federal statute, not "the act itself," but "the corrupt and criminal motive with which the act was done," makes the offense, then commission of the offense by a member of the bar is not to be overlooked or condoned

in view of the paramount necessity for maintaining high standards of professional conduct.

There are mitigating circumstances, however. It is not disputed that the petitioner committed the offense under the stress of financial difficulties due to serious and protracted illnesses of himself and members of his family. He kept and preserved over the entire period involved in the charges complete and accurate books of account of his income and expenditures—a fact which tends to negative an actual corrupt intent to defraud the government of its revenues. He kept a duplicate receipt book, and more than half of the original receipts were still in the book—many of them for cash paid over the desk—at the time that the agents of the Internal Revenue Department commenced an investigation of his income. He withheld nothing from the agents and gave them the utmost cooperation. He appears to have dealt at all times honestly with his clients and in all his professional activities.

We have concluded that the ends of justice and the purposes of a proceeding of this kind will be sufficiently served by suspending the petitioner from the practice of law for a period of six months. It is so ordered.