Submitted on briefs October 1, suspended October 24, 1958

IN RE COMPLAINT AS TO THE CONDUCT OF McKECHNIE

330 P. 2d 727

532

Weatherford & Thompson, Albany, and Morley, Thomas & Orona, Lebanon, for petitioner.

Peery T. Buren, Salem, for the Oregon State Bar.

PER CURIAM.

The petitioner Robert M. McKechnie, age 36, an attorney duly authorized to practice in the courts of this state, was convicted of a misdemeanor, upon his plea of guilty, in the United States District Court for the District of Oregon.

The violation charged was that he willfully and knowingly failed to make and file personal income tax returns for the calendar years 1953 and 1954 as required by § 145(a), USCA, Title 26, Internal Revenue Code of 1939, and § 7203, USCA, Title 26, Internal Revenue Code of 1954.

Based upon the proceedings had in the United States Court, the Oregon State Bar instituted these proceedings charging that the willful failure to make and file the required income tax returns was a violation of the standards of professional conduct. *In Re Claude M. Johns, Jr.*, —— Or ——, 321 P2d 281; *In Re Franz E. Wagner*, 210 Or 457, 311 P2d 751; *In Re James L. Means*, 207 Or 638, 298 P2d 983.

Evidence was introduced upon these charges before a trial committee of the Oregon State Bar which found the charges sustained, and recommended that petitioner be suspended from the practice of law for a period not exceeding six months. The Board of Governors reviewed the record made before the trial committee, sustained its findings, and recommended by a three-fourths vote that petitioner be suspended

for a period of six months; four members of the Board recommending a three months' suspension.

The petitioner states that, although he plead guilty to the charges in the United States District Court, he was then under the impression that it was a violation of the Act to merely fail to file a tax return and that it was not until after entering the plea of guilty he learned that the Act was violated only when one willfully failed to file his return. *Hargrove v. United States*, 67 F2d 820, 90 ALR 1276. He then attempts to demonstrate that, although he entered a plea of guilty to the charges, he in fact was not guilty because he did not willfully [through corrupt motive] violate the Act.

That the petitioner did not act with a corrupt motive may be true, but, as we view this matter, that question in this proceeding is not controlling.

■ The petitioner by his own admission clearly demonstrates that he knowingly violated his duty to comply with a requirement of law exacted as part of a governmental plan to insure revenues necessary to carry on the operation of government. The intentional violation of an Act designed to carry out the purposes of government itself, whether done with corrupt intent or not, conflicts with the moral duty of a citizen and most certainly violates the oath of an attorney taken to uphold the constitution and laws of the United States. The petitioner took such an oath and his violation of that oath subjects him to disciplinary action. ORS 9.460 and 9.480.

The sole question then is: "What discipline is appropriate?"

The record before us discloses that the petitioner is a young man of 36 years and that his professional life has been exemplary and unmarred except for this

offense. It also discloses the confidence of the community in his honesty, integrity and ability as a practicing lawyer; also, that there was filed with the United States Treasury Department, by the partnership of which the petitioner was a member, a partnership return which actually disclosed the petitioner's true income and that the Federal revenues will suffer no loss through petitioner's failure to file his personal income tax return.

██ Under all of the circumstances disclosed by the record, it might be possible to say that the trouble and worries which have plagued this young man through his failure to make the return should be sufficient punishment for his error, but punishment is not the basis of disciplinary action; such action rests upon the fundamental principle that conduct which exposes the profession and the courts to ridicule or contempt must be curbed lest it lead to a breaking down of the efficient administration of justice. Viewed in the light of this purpose, the conduct of the petitioner is such as to lead us to the conclusion that the recommendation of the Board of Bar Governors should be approved.

The petitioner is suspended for a period of six months.