Submitted on record November 25, suspended one year December 17, petition for clarification denied December 31, 1958

IN RE COMPLAINT AS TO THE CONDUCT OF
## RICHARD R. MORRIS
332 P. 2d 885

William Miller, of Portland, for the Oregon State Bar.

Robert Clapperton, of Portland, for the petitioner.

PER CURIAM.

We are called upon to review the recommendation of the Board of Governors of the Oregon State Bar

that Richard R. Morris be suspended from the practice of law in this state for a period of one year.

Disciplinary action was instituted by the Oregon State Bar against the accused after a judgment of conviction was entered in the United States District Court for the District of Oregon for failure to file income tax returns in 1953, 1954 and 1955. His conviction followed a plea of guilty to a charge of willfully and knowingly failing to file the required returns. He asserts, however, that his conduct was not willful in the sense that he intended to evade the payment of taxes owed by him. He states in his petition to this court that he entered the plea of guilty rather than stand trial for reasons personal to him. These reasons were stated more specifically when the accused testified before the trial committee of the Bar. We do not deem it essential to recite them here.

According to his testimony before the trial committee the failure of the accused to file his returns was the result of a combination of circumstances. The principal circumstances relied upon by the accused were the inordinate pressure of his work during the period in question and his assumption that because the representatives of the Internal Revenue Department were in the process of examining his records in connection with his 1952 return the other returns for the years 1953, 1954 and 1955 could be held in abeyance until the entire matter was settled to the satisfaction of the Department.

We are of the opinion that the suspension period of one year recommended by the Board of Governors in the present case is not unreasonable. We are aware that a shorter suspension period has been ordered in other cases which have come before this court. However, each case must be decided upon its own facts.

The reasons advanced by the accused in explanation for his violation of the federal statutes requiring the filing of returns do not warrant a mitigation of the discipline in this case. In this respect the present case may be distinguished from *In re Means*, 207 Or 638, 298 P2d 983, where it was shown that the petitioner and the members of his family were under the stress of serious and protracted illnesses. In that case the accused was suspended for a period of six months.

Although we impose a one-year suspension upon the accused in the present case, reasons could be advanced for increasing the measure of discipline. Considering the number of cases of this nature which have been before the Bar of this state in the past few years, it appears that the discipline imposed by this Court for failure to file tax returns in compliance with the law have not had a substantial deterrent effect. It is possible that we have not yet established a penalty which is stringent enough to have the desired effect. We shall continue to appraise the problem and if necessary make the violation in these cases so costly that the warning will be heard clearly by all who have been granted the privilege of practicing law in this state.

It is hereby ordered that the petitioner shall be suspended from the practice of law in the state of Oregon for a period of one year.