Submitted on O.S.B. record January 7, suspended 18 months
March 25, 1959

IN RE COMPLAINT AS TO THE CONDUCT OF
# MAURICE C. CORCORAN
337 P. 2d 307

No appearances.

PER CURIAM.

The recommendation of the Board of Governors of the Oregon State Bar that Maurice C. Corcoran, a member of the Bar, be suspended from the practice of law for a period of eighteen months is before the court for review pursuant to ORS 9.540.

This is another in the melancholy list of cases, now all too familiar to this court, in which attorneys have been disciplined for violating federal law by willfully failing to file income tax returns. See *In re Morris*, 215 Or 180, 332 P2d 885; *In re McKechnie*, 214 Or 531, 330 P2d 727; *In re Johns*, 212 Or 587, 321 P2d 281; *In re Wagner*, 210 Or 457, 311 P2d 751; *In re Means*, 207 Or 638, 298 P2d 983. The complaint here charges that Corcoran received taxable income during the calendar years 1953 and 1954, and that he willfully and intentionally failed to file an income tax return for either of those years in violation of Section 145 (a), Title 26, U. S. Code (Internal Revenue Code of 1939), and Section 7203, Title 26, U. S. Code (Internal Revenue Code of 1954). It is further alleged that on February 28, 1957, an indictment was returned against the accused in the United States District Court for the District of Oregon, charging him with such violations, that on March 21, 1957, he entered a plea of not guilty, and that thereafter he changed his plea to a plea of *nolo contendere,* and on the 14th day of April, 1958, the court convicted him upon such plea of the offenses charged, and entered judgment against him. The court suspended the imposition of sentence, and released the defendant from custody on probation for the period

of two years upon the condition, among others, that defendant refrain from the use of all alcoholic beverages.

■ The offense for which Corcoran was prosecuted in the federal court is a misdemeanor. In previous cases we have refrained from deciding whether it is a misdemeanor involving moral turpitude. *In re Means, In re Johns,* both supra. It is not necessary to decide it now, for the statute which makes conviction of a misdemeanor involving moral turpitude ground for disbarment or suspension of an attorney, ORS 9.480 (1), is not applicable to this case because the conviction was upon a plea of *nolo contendere.* It is said in *State v. Burnett,* 174 NC 796, 93 SE 473, LRA 1918A 955:

> "The only advantage in a plea of *nolo contendere* gained by the defendant is that it gives him the advantage of not being estopped to deny his guilt in civil action based upon the same facts." 174 NC at 797.

See, also, *United States v. Norris,* 281 US 619, 74 LEd 1076, 50 SCt 424; 14 Am Jur 954, Criminal Law § 275. Such a plea is not an admission of guilt, and neither the plea nor the conviction based upon it is admissible in evidence in a later action to prove conviction of a crime. *Caminetti v. Imperial Mutual Life Insurance Co.,* 59 CalApp2d 476, 490-492, 139 P2d 681. *In re Hallinan,* 43 Cal2d 243, 272 P2d 768, was a disbarment case in which it was held, under a statute making conviction of a felony or misdemeanor involving moral turpitude cause for disbarment or suspension, that "a plea of nolo contendere is not the equivalent of a plea of guilty and can not be used in another proceeding as an admission against the person so pleading."

Nevertheless, for the guidance of the State Bar in

future cases, if, unhappily, there should be any, we have thought it well to re-examine and determine the question. We are of the opinion that while, in the particular case, the offense may be one involving moral turpitude, yet it is not necessarily so; it depends on the circumstances. We are persuaded to this conclusion largely by the opinion of Traynor, J., in the Hallinan case, supra, not heretofore called to our attention. Hallinan was convicted of "willfully and knowingly filing false and fraudulent income tax returns," an offense denounced as a felony by Section 145 (b) of the Internal Revenue Code, 26 USC § 145 (b). Under California law, an attorney convicted of a felony which involves moral turpitude can be summarily disbarred. The question for decision in the Hallinan case was whether the mere fact of conviction was sufficient to warrant that action. The court held that moral turpitude includes fraud, and that unless fraud is an essential element of the offense, conviction thereof does not of itself conclusively demonstrate moral turpitude. After a careful review of the pertinent decisions, the court said:

"The foregoing cases establish that fraud is not an essential element of the offense proscribed by section 145 (b), that some measure of bad faith or evil intent is an essential element, but that such bad faith or evil intent, which can be inferred from evidence that the defendant acted without justifiable excuse, without ground for believing his acts were lawful, or in careless disregard of the lawfulness of his acts, do not necessarily involve moral turpitude."

The State Bar had recommended Hallinan's summary disbarment. The Supreme Court of California remanded the case to the State Bar for a hearing, report and recommendation on the question whether

the facts and circumstances surrounding the commission of the offense of which Hallinan was convicted involved moral turpitude or other misconduct warranting disbarment or suspension.

■ If the offense of willfully and knowingly filing false and fraudulent income tax returns does not necessarily involve moral turpitude, for a stronger reason is this true of the offense for which Corcoran was indicted. Whenever, however, an attorney has been convicted of that offense on a plea of guilty or after trial, the evidence should be examined for the purpose of determining whether in fact the conduct of the accused is such as to clothe it with that character.

In the present case, the evidence sustains the charges in the complaint. The misconduct of the defendant is aggravated by the fact that he also failed to file income tax returns for the years 1951 and 1952, although he received taxable income in each of those years. There is no evidence, however, of fraudulent intent. It is something, though not a great deal, in Corcoran's favor, that, when called to account by the agents of the Internal Revenue Service, he assisted them in their work of determining the amount of his liability. A client came to his aid and voluntarily increased his fees for past services in an amount sufficient to satisfy the government's demands for delinquent taxes, interest and penalties. The government now has been fully paid.

It weighs against the accused that he was reprimanded by this court for neglect of two items of business entrusted to him by clients. *In re Corcoran,* 201 Or 371, 270 P2d 158. There was no charge of dishonesty in that case. It is also not in his favor that on the hearing of the present charges Corcoran admitted that he still indulged in alcoholic liquors to

some extent, in violation of the conditions of his probation.

Corcoran was admitted to the Bar in 1934, and is now 51 years of age. He attributed his failure to file income tax returns to excessive drinking and serious illness.

■ In *In re Morris,* supra, we considered the question whether the moderate penalties theretofore imposed in cases of this character were sufficient as deterrents, and served notice that it might be necessary to increase the severity of the penalty in future cases. We do not think it would be fair to do so in this case, because Corcoran's offenses were committed before the warning was given. In view of all the circumstances of the present case, we are of the opinion that the recommendation of the Board of Governors that the accused be suspended from the practice of law for a period of 18 months should be approved and it is so ordered.