Submitted July 22, disbarred September 23, petition for rehearing denied November 4, 1959

In re Complaint as to the Conduct of
## JAMES L. MEANS
343 P. 2d 1119

No appearances.

PER CURIAM.

This matter comes before the court on the petition of James L. Means, an attorney admitted to practice

in Oregon, for a review of the findings and recommendations of the Board of Governors of the Oregon State Bar, pursuant to ORS 9.540.

On October 30, 1953, the defendant was convicted in the United States District Court for the district of Oregon of willfully and knowingly failing to file federal income tax returns for the years 1949 and 1950. Imposition of sentence was suspended and defendant was released from custody on probation for the period of one year. Based on said conviction, the defendant was charged by the Board of Governors with unprofessional conduct and this court suspended defendant from the practice of law for a period of six months. See *In re: James L. Means*, 207 Or 638, 298 P2d 983.

In that proceeding it was further established that for a period of years prior to the years 1949 and 1950, defendant had willfully and intentionally failed and neglected to file federal income tax returns notwithstanding that he earned sufficient income to require the filing of returns for those years.

On February 28, 1957, an indictment was returned in the United States District Court for the district of Oregon charging that during the year 1953 the defendant received a net income of $5,536.27 and that during the year 1954, the defendant received a net income of $7,557.22 and that defendant willfully failed to pay income tax to the director of internal revenue for said years in violation of § 145(a), Title 26, U.S. Code (Internal Revenue Code of 1939) and § 7203, Title 26, U.S. Code (Internal Revenue Code of 1954). On July 24, 1957, the defendant was convicted of said charges upon his plea of guilty and was sentenced to imprisonment at McNeil island for a term of 18 months.

The accused appeared in person and by counsel before the trial committee and offered evidence in mitigation of his offense. We have carefully considered this evidence and giving it full weight, are of the opinion that the defendant should be permanently disbarred. It is so ordered.