Submitted February 10, suspended on March 10 until
July 1, 1965

In re Complaint as to the Conduct of
THOMAS GRAHAM WALKER, Accused
399 P. 2d 1015

Before McAllister, Chief Justice, and Perry,
Sloan, O'Connell, Goodwin, Denecke and Holman,
Justices.

PER CURIAM.

On June 27, 1962, Walker was charged by information filed in the Federal District Court for Oregon with the crime of failure to file a Federal income tax return for the year 1958. A few days later the Board of Governors of the Oregon State Bar decided that

disciplinary proceedings be docketed but decided to defer further action pending conclusion of the Federal court criminal proceedings. On October 27, 1962, Walker was permitted to transfer from active membership in the Bar to an inactive status. At a meeting in November 1962, the Board of Governors decided to defer any further disciplinary proceedings until Walker applied to be reinstated as an active member. In January of 1963 Walker entered a plea of guilty and was sentenced by the Federal Court to a term of 90 days. This was later reduced to 30 days.

On February 28, 1964, Walker did file an application to be reinstated. The application was comprehensive and detailed. In answer to the application, the Board initiated the present disciplinary action. A complaint was filed and a hearing held before a trial committee. It followed, of course, that he was found guilty of violating the Federal Income Tax Statutes. The crime, by federal law, was a misdemeanor. The trial committee recommended a one year suspension to begin on October 26, 1962, the day on which Walker became an inactive member of the Bar. The Board, on review of the trial committee's findings, could not come to agreement as to a recommended punishment. Seven members voted for a two year suspension to begin on October 23, 1962.

■ We held in *In re Means,* 1956, 207 Or 638, 298 P2d 983, that the facts of each individual case must decide whether or not the federal violation in question was a misdemeanor involving moral turpitude. ORS 9.480(1). In an annotation found at 59 ALR2d 1400, several cases have been collected which consider the identical question. In the decisions quoted it appears that the facts considered are really used to decide the degree of punishment, not the question of moral turpi-

tude. It is not necessary to repeat there what can be read in the annotation. Our cases point to much the same criteria. *In re Maurice C. Corcoran,* 1959, 215 Or 660, 337 P2d 307, and cases cited. The record in this case reveals that Walker has favorably met most of the tests mentioned in the cases.

■ It is most unfortunate that this proceeding was so long delayed. The trial committee and the Board, by their recommendations of retroactive imposition of punishment, have recognized that the Bar has been dilatory in this proceeding. We agree that Walker should be suspended for two years and that the suspension should begin at a retroactive date. We think, however, that the date should be that on which a disciplinary proceeding could have been reasonably concluded, if begun and processed without delay. It appears that this could have been done by about July 1, 1963. It is ordered that Walker be suspended as of July 1, 1963, until July 1, 1965, and that on that date he be reinstated without further application. The reinstatement shall be probationary for one year.