Argued February 1, accused permanently disbarred
April 21, 1965

IN RE COMPLAINT AS TO THE CONDUCT OF
## ALTON JOHN BASSETT
401 P. 2d 33

*Sam Wilderman,* Portland, argued the cause and filed a brief for petitioner.

*Robert L. Kincart,* Oregon City, argued the cause for the Oregon State Bar. With him on the brief was Carl R. Wells, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

PER CURIAM.

This is a disciplinary proceeding which comes to us for review of the report of the Board of Governors of the Oregon State Bar, and its recommendation by a divided vote that the defendant, Alton John Bassett, be disbarred.

On April 22, 1963 an indictment was returned in the District Court of the United States for the District of Oregon charging defendant in five counts with wilfully and knowingly attempting to evade and defeat a large part of the income tax due and owing by him and his wife to the United States for the calendar years 1955 to 1959 in violation of 26 United States Code, § 7201. The indictment also charged in two counts that in violation of 26 United States Code, § 7206 (1) the defendant did wilfully and knowingly make and subscribe income tax returns for the calendar years 1955 and 1956 which were verified by a written declaration that they were made under the penalties of perjury, which income tax returns defendant did not believe to be true and correct as to every material matter.

The five counts of violation of Section 7201 charged that the defendant filed false and fraudulent joint income tax returns on behalf of himself and his wife, in which he knowingly understated their taxable income and the amount of the tax due thereon as follows:

### TAXABLE INCOME

| Year | Reported | Charged |
|------|----------|---------|
| 1955 | $ 1,531.07 | $ 7,093.22 |
| 1956 | 2,800.17 | 4,376.85 |
| 1957 | 2,421.24 | 13,724.00 |
| 1958 | 1,183.89 | 6,869.14 |
| 1959 | 490.53 | 5,639.05 |

## AMOUNT OF TAX

| Year | Reported | Charged |
|------|----------|---------|
| 1955 | $   306.21 | $ 1,480.51 |
| 1956 | 560.03 | 882.91 |
| 1957 | 484.25 | 3,237.20 |
| 1958 | 236.78 | 1,431.28 |
| 1959 | 98.11 | 1,160.59 |

The two counts of violation of Section 7206 charged that the defendant understated his gross income for the years 1955 and 1956 as follows:

## GROSS INCOME

| Year | Reported | Charged |
|------|----------|---------|
| 1955 | $ 9,776.55 | $18,451.00 |
| 1956 | 10,836.62 | 14,964.92 |

The defendant was found guilty by a jury of all seven counts and on October 3, 1963 was sentenced to imprisonment for a term of two years on each of the seven counts, with the sentences to run concurrently. On December 13, 1963 the sentence was modified to provide that the defendant would be eligible for parole at such time as the Parole Board should determine, and the defendant was released on parole on April 28, 1964.

On October 16, 1963, this court suspended defendant's license to practice law pursuant to our Rule I, which provides for the suspension of a lawyer who has been convicted of a felony or of a misdemeanor involving moral turpitude.

Thereafter the Board of Governors of the Oregon State Bar instituted disciplinary proceedings against the defendant, based solely on his conviction of vio-

lation of the federal tax statutes. A hearing was held by a trial committee, at which the defendant admitted his conviction and sentence and offered his own statements and testimony in mitigation. The trial committee found defendant guilty and unanimously recommended that the defendant be permanently disbarred.

The matter was reviewed by the Board of Governors of the Oregon State Bar, which approved the findings of the trial committee as to the guilt of the defendant. Seven members of the Board recommended that the defendant be permanently disbarred, three recommended that the defendant be suspended for three years, and two recommended that the defendant be suspended for a period of two years.

■ Since 1862 a statute of this state has provided that an attorney may be removed or suspended by this court upon his conviction of any felony or of a misdemeanor involving moral turpitude. 1862; D 1015, now ORS 9.480. Without pausing to consider the effect of this statute on the inherent power of the court, we note that all of the charges of which the defendant was convicted were felonies. It is also settled by the weight of authority that the offenses of which defendant was convicted involve moral turpitude, particularly where as here the indictment alleges that the returns filed by the defendant were false and fraudulent. *In re Hallinan,* 48 Cal2d 52, 307 P2d 1 (1957); *In re Alker,* 398 Pa 188, 157 A2d 749 (1960); *In re Seijas,* 52 Wash2d 1, 318 P2d 961 (1957); *Tomlinson v. Lefkowitz,* 334 F2d 262 (5th Cir 1964); *Chanan Din Khan v. Barber,* 253 F2d 547 (9th Cir 1958), cert. den. 357 US 920 (1958), 78 S Ct 1361, 2 L Ed2d 1364; *Tseung Chu v. Cornell,* 247 F2d 929 (9th Cir 1957), cert. den. 355 US 892 (1957), 78 S Ct 265, 2 L Ed2d 190.

It is undisputed that over a period of five years the defendant knowingly and intentionally, and for the purpose of defrauding the government, and for his personal gain, filed fraudulent tax returns in which his income was falsely understated. An attorney who deliberately engages in such a protracted course of conduct has demonstrated his unfitness to practice law.

We pointed out in *In re O. H. Bengtson*, 230 Or 369, 371, 370 P2d 239 (1962), that this court has uniformly disbarred attorneys guilty of diverting to their own use moneys belonging to someone else. Like the Supreme Court of California, we "see no moral distinction between defrauding an individual and defrauding the government." *In re Hallinan*, 43 Cal2d 243, 272 P2d 768, 771 (1954).

■ This is a more serious case than those in which attorneys have been disciplined for failure to file income tax returns, which is classified by the federal statutes as a misdemeanor. *In re Le Roy L. Lomax*, 216 Or 281, 338 P2d 638 (1959); *In re Maurice C. Corcoran*, 215 Or 660, 337 P2d 307 (1959); *In re Richard R. Morris*, 215 Or 180, 332 P2d 885 (1958); *In re McKechnie*, 214 Or 531, 330 P2d 727 (1958); *In re Claude M. Johns, Jr.*, 212 Or 587, 321 P2d 281 (1958); *In re Franz E. Wagner*, 210 Or 457, 311 P2d 751 (1957); *In re Means*, 207 Or 638, 298 P2d 983 (1956). Whether it is a misdemeanor involving moral turpitude depends on the facts and circumstances of each case. See *In re Maurice C. Corcoran*, supra, at 215 Or 664, where we said that in the future the evidence in cases involving failure to file tax returns should be examined for the purpose of determining whether the conduct was such that it involved moral turpitude.

We can find in this case no sound reason to deviate

from our settled rule that attorneys who for their own enrichment deliberately perpetrate fraud must be disbarred.

The recommendation of the Board of Governors is approved and the defendant is permanently disbarred.