Argued and submitted January 7,
Accused suspended February 26, 1980

In Re Complaint as to the Conduct of
GEORGE V. DESBRISAY
*Accused.*

(No. 1406, SC 26464)

606 P2d 1148

Norman Sepenuk, P. C., Portland, argued the cause and filed a brief for accused.

William B. Crow, Portland, argued the cause for Oregon State Bar. With him on the brief were Fred M. Aebi and Jeffrey C. Thede, Portland.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Linde* and Peterson, Justices, and Tanzer, Justice Pro Tempore.

PER CURIAM.

*\*Linde, J., did not participate in the decision of this case.*

## PER CURIAM.

Petitioner George V. DesBrisay seeks modification of a recommendation of the Disciplinary Review Board. ORS 9.535(3). The Trial Board and Review Board found (1) that DesBrisay was convicted of willfully failing to file a timely income tax return for the year 1970, in violation of I.R.C. § 7203,[1] and (2) that he willfully and knowingly failed to file timely income tax returns for the years 1971, 1972, 1973, 1974 and 1975, also in violation of I.R.C. § 7203. The Trial Board recommended a six months suspension. The Review Board recommended permanent disbarment.

ORS 9.480 provides that an attorney may be disbarred, suspended or reprimanded when:

"* * * (1) He has committed an act or carried on a course of conduct of such nature that, if he were applying for admission to the bar, his application should be denied; or

"(2) He has been convicted in any jurisdiction of an offense which is a misdemeanor involving moral turpitude or a felony under the laws of this state, or is punishable by death or imprisonment under the laws of the United States, in any of which cases the record of his conviction shall be conclusive evidence; or

"* * * * *.

"(5) He is guilty of wilful violation of any of the provisions of ORS 9.460 * * *."

The duties of an attorney are set out in ORS 9.460:

"An attorney shall:

"(1) Support the Constitution and laws of the United States and of this state * * *."

---

[1] "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

In 1977 DesBrisay was indicted for willfully failing to file timely income tax returns for the years 1970, 1971, 1972, and 1973. He pleaded guilty to the charge involving the 1970 return, and the remaining charges were dismissed. A conviction under I.R.C. § 7203 constitutes a misdemeanor punishable by a fine of not more than $10,000 and imprisonment of not more than one year.

The evidence reveals that DesBrisay was admitted to the Oregon State Bar in 1962 and practiced with a firm or as a sole practitioner until early 1978. He admitted that, beginning about 1965, he had problems filing his income tax returns on time. He testified that the delays were due primarily to his problems in getting together information about property transactions and business ventures in which he was engaged in addition to his law practice. Partnership returns for the law firm in which he practiced were filed on time during those years.

DesBrisay's 1970 tax return was not prepared until August of 1971, some three and a half months after the April 15, 1971, due date. DesBrisay testified that he deposited the return in the mail in September of 1971. Neither the state of Oregon nor the federal government received their copies.

In July of 1972, DesBrisay began to gather the information necessary to file his 1971 return, due April 15, 1972. Before he filed this return, he was contacted by a special agent of the Criminal Investigation Division of the Internal Revenue Service regarding DesBrisay's apparent failure to file a 1970 return. DesBrisay filed his 1971 return and a copy of the 1970 return with that agent on April 12, 1973.

DesBrisay did not file his 1972, 1973, 1974 or 1975 tax returns. His explanation was that the special agent told him that he was "under no obligation to pay or file *any* returns during the pendency of this criminal investigation." The agent testified that he told DesBrisay that DesBrisay was under no obligation to

file *delinquent* returns during the criminal investigation. The only returns that were delinquent on the date of this conversation were for the years 1970 and 1971.

The truth of DesBrisay's testimony in this regard strikes us as being highly improbable. DesBrisay was warned by a former law partner that he should continue to file his returns even if he had been advised otherwise by the agent. DesBrisay also asked his accountant to apply for extensions of time to file returns for the years 1972, 1973, 1974, and 1975. The 90-day extensions expired each year without returns being filed. His request for additional time in which to file leads us to believe that DesBrisay knew he should file returns in those years, but that he first delayed and then ignored that obligation.

The offense for which DesBrisay was convicted is punishable by imprisonment under the laws of the United States. As such it is a sufficient basis for disbarment or suspension under ORS 9.480(2).[2] Similarly, his failure to file returns in subsequent years violates DesBrisay's duty to uphold the laws of the United States as required by ORS 9.460(1) and 9.480(5). The only remaining question is what sanction should be imposed.

[2] We have reviewed other disciplinary proceedings against attorneys who have failed to file income tax returns. The ethical violations in each case and our dispositions of the proceedings are as follows: *In re Thomas Graham Walker,* 240 Or 65, 399 P2d 1015 (1965) (the accused was convicted of failing to file a return for the year 1958 and was suspended for two years); *In re James L. Means,* 218 Or 480, 342 P2d 1119 (1959) (the accused pleaded guilty to two counts of failing to file income tax returns. He had been disciplined before on similar charges and was therefore permanently disbarred); *In re LeRoy L. Lomax,* 216 Or 281, 338 P2d 638 (1959) (the accused pleaded guilty to two charges of failing to file income tax returns and was suspended from practice for one year); *In re Maurice C. Corcoran,* 215 Or 660, 337 P2d 307 (1959) (a suspension of 18 months was imposed when the attorney pleaded *nolo contendere* to two counts of failing to file tax returns and failed to file returns in two other years); *In re Richard R. Morris,* 215 Or 180, 332 P2d 885 (1958) (the attorney pleaded guilty to three charges of failing to file returns and was suspended for one year); *In re McKechnie,* 214 Or 531, 330 P2d 727 (1958) (McKechnie was suspended from the practice of law for six months after pleading guilty to

*(Continued on following page)*

As mitigation, DesBrisay offered evidence that he served a four-month prison sentence on the charge in 1978. He also points to the fact that he offered his full cooperation to the agent conducting the criminal investigation and that a number of witnesses attested to his integrity and competence as a lawyer. DesBrisay also offered testimony that in the months prior to the hearing before the Trial Board, he and his accountant filed the delinquent 1975 return. The accountant testified that they were in the process of preparing the 1972, 1973 and 1974 returns and expected to have them filed shortly.

In other tax evasion cases previously before this court, we have imposed suspensions of six months to two years.[3] We also have disbarred an attorney who was convicted of failing to file tax returns because prior to that conviction he had been convicted of and disciplined for the same offense. *In re James L. Means,* 218 Or 480, 342 P2d 1119 (1959).

The facts of this case reflect repeated disregard of the responsibilities which a lawyer assumes when admitted to the bar. DesBrisay, while convicted of only one charge of failing to file a timely tax return, admitted that he failed to file his returns on time as early as 1965. He did not file timely returns in 1971, 1972, 1973, 1974 or 1975, and he did not file his 1976 and 1977 returns until shortly before the Trial Board hearing in 1979.

---

*(Continued from previous page)*
failing to file tax returns in two consecutive years); *In re Claude M. Johns, Jr.,* 212 Or 587, 321 P2d 281 (1958) (Johns pleaded guilty to two counts of failing to file tax returns and admitted that he also failed to file returns in five earlier years. He was suspended for one and one-half years); *In re Franz E. Wagner,* 210 Or 457, 311 P2d 751 (1957) (the accused was suspended for one year after he pleaded guilty to three counts of failing to file tax returns); *In re Means,* 207 Or 638, 298 P2d 983 (1956) (Means pleaded guilty to two counts of failing to file federal tax returns and did not dispute the bar's allegation that he had failed to file returns "over a period of years" prior to the years covered by his guilty pleas. Means was suspended from the practice of law for six months).

[3] *See* cases cited in note 2, *supra. See also* Annot., 63 ALR3d 512 (1975).

DesBrisay told the Trial Board:

"* * * I think that the Government is as much to fault [sic] as I am for this. I can't — I have no excuse for the — for me being delinquent for the few months that I was delinquent, but nobody has ever been treated this way, either * * *."

He also stated:

"I don't feel that I have betrayed the Bar or my obligation to the Bar or to the oath I took when I was sworn in to be an attorney. I feel that this investigation was brought about mostly because of the clientele I had and not because of my being a few months late filing my income tax. I filed income tax late, I was under the impression that if you got it paid within a year, that there would be no criminal prosecution. The only thing I paid some high interest on that money. I don't think that this is [sic] in anyway affected my ability to represent people who would be my clients in the future.

"* * * I might have been delinquent in filing the return, but they'd have all been filed."

The public has a right to rely upon this court to maintain the integrity of the profession, to further the administration of justice, and ultimately to protect the clients of Oregon lawyers. We have the responsibility to discipline lawyers whose conduct fails to meet the high standards that this court requires.

In this case, the Review Board recommended disbarment. Such discipline strikes us as being overly harsh, considering (1) the precedents of this court, (2) the absence of any injury to any client, and (3) the testimony of respected lawyers and judges that DesBrisay is a competent trial lawyer who has represented his clients well in court.

However, during much of the time that DesBrisay has been a member of this bar, he either filed no income tax returns or the returns were filed late. The record, as a whole, reflects a knowing and willful disregard of, and a cavalier attitude toward, the law of the United States, and a studied effort on the part of

[631]

DesBrisay to excuse conduct which cannot be justified or excused.

DesBrisay's conduct warrants the imposition of discipline to demonstrate to him, to the members of the bar, and to the public that we are striving to maintain a high degree of probity within the bar of this court. We conclude that the integrity of the bar and the protection of the public will be maintained by the suspension of DesBrisay from the practice of law in this state for a period of four years from the entry of the mandate herein, and thereafter until such time as he (1) has filed all his delinquent income tax returns for the period in question and made arrangements satisfactory to this court for the payment of all past-due income tax,[4] and (2) shall affirmatively show that he is in all respects again able and qualified to resume his position as a member of the bar of this state and that his resumption of the practice of law will not be detrimental to the public interest.

Costs and disbursements to the Oregon State Bar.

---

[4] DesBrisay testified that because of severe financial losses he probably would owe no taxes for the years 1972, 1973 and 1974. He believed he owed a total tax liability of $12,000 for 1970 and 1971, plus the $10,000 penalty imposed on his conviction.