352 May 7, 2025 No. 403

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENJAMIN HARVIE STEED,
*Defendant-Appellant.*

Lane County Circuit Court
23CR19371; A182172

Debra K. Vogt, Judge.

Submitted September 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Armstrong, Senior Judge.

ARMSTRONG, S. J.

Reversed and remanded.

Kamins, J., dissenting.

**ARMSTRONG, S. J.**

Based on a no contest plea, the Springfield Municipal Court convicted defendant under ORS 811.700(1)(b) of failure to perform the duties of a driver when property is damaged, which is a misdemeanor offense. Defendant timely appealed his conviction to the Lane County Circuit Court, and the City of Springfield moved to dismiss the appeal, arguing that, because the judgment of conviction entered by the municipal court was based on a no contest plea, the circuit court lacked jurisdiction of defendant's appeal. After a hearing on the motion, the circuit court agreed with the city and dismissed the appeal. Defendant timely appealed the circuit court judgment dismissing his municipal court appeal. We reverse the circuit court judgment and remand based on our conclusion that the circuit court has jurisdiction of defendant's appeal.

The resolution of this case turns on the construction of ORS 157.010, which governs circuit court review of criminal judgments entered in justice courts and, in cases such as this, criminal judgments entered in municipal courts.[1] That statute provides:

> "In a criminal action in a justice court, *except where the judgment is given on a plea of guilty*, an appeal may be taken from a judgment of conviction to the circuit court for the county in which the judgment is given, as prescribed in this chapter, and not otherwise."

ORS 157.010 (emphasis added).

By its terms, the statute grants defendants a right of appeal from justice court to circuit court from all judgments of conviction entered in justice court other than judgments entered on guilty pleas. As defendant contends, and the state concedes, a judgment entered on a guilty plea is not the same thing as a judgment entered on a no contest

---

[1] Municipal courts have concurrent jurisdiction with justice courts over misdemeanors committed in the city in which they sit, ORS 221.339(2), and serve as justice courts when they hear misdemeanor offenses. *City of Milton-Freewater v. Ashley*, 214 Or App 526, 531, 166 P3d 587 (2007). Thus, while ORS 157.010 refers only to justice courts, it applies to judgments from municipal courts that, as here, adjudicate state misdemeanor offenses. *Id*. Hence, our references to justice courts in this opinion include municipal courts whose judgments are subject to review under ORS 157.010.

plea. Hence, absent statutory language that establishes that, for purposes of ORS 157.010, a judgment entered on a no contest plea is the same thing as a judgment entered on a guilty plea, the circuit court has jurisdiction of defendant's appeal.

According to the state, ORS 135.345 provides the necessary language to establish that, for purposes of ORS 157.010, a judgment entered on a no contest plea is the same as a judgment entered on a guilty plea. That statute is among those that the legislature enacted in 1973 to authorize and govern no contest pleas in Oregon. It provides that "[a] judgment following entry of a no contest plea is a conviction of the offense to which the plea is entered." ORS 135.345. The state reasons that, because the ultimate result of a guilty plea and a no contest plea is the same, *viz.*, entry of a judgment of conviction, it is appropriate to view the reference in ORS 157.010 to a judgment entered on a guilty plea as encompassing a judgment entered on a no contest plea.

So understood, that reasoning is fallacious. A judgment of conviction entered on a jury verdict is a judgment of conviction of the offense to which the verdict applies, yet no one would consider a judgment of conviction on a jury verdict and a judgment of conviction on a guilty plea to be the same thing, absent statutory language indicating an intention to treat them that way. The state identifies no statutory language that indicates a legislative intention to treat the reference in ORS 157.010 to a judgment entered on a guilty plea as a reference to a judgment entered on a no contest plea.

The lack of such language is not surprising, given that the operative language in ORS 157.010 was adopted in 1864 as part of the Deady Code. General Laws of Oregon, Procedure in Justices' Courts, ch XI, § 106, p 602 (Deady 1845-1864). No contest pleas were not recognized in Oregon when the legislature adopted the Deady Code, *see* General Laws of Oregon, Code Crim Procedure, ch XII, § 132, p 463 (Deady 1845-1864), so the reference in ORS 157.010 to a judgment entered on a guilty plea cannot conceivably have been understood to refer to a judgment entered on a no contest plea. Because that reference cannot have been so understood

when the legislature enacted the statute in 1864, the state would need to find statutory language that alters the meaning of the reference in ORS 157.010 to a judgment given on a guilty plea. It has not done that, because there is no such language.

Our review of Oregon statutes governing no contest pleas bolsters that conclusion. In each instance in which the legislature has treated guilty pleas and no contest pleas the same, it has done that explicitly by referring to both types of pleas. The most telling example of that is found in ORS 138.105(5), which addresses aspects of appeals from circuit court to the appellate courts in cases involving guilty pleas and no contest pleas. It provides:

> "The appellate court has no authority to review the validity of the defendant's *plea of guilty or no contest*, or a conviction based on the defendant's *plea of guilty or no contest*, except that:

> "(a)  The appellate court has authority to review the trial court's adverse determination of a pretrial motion reserved in a conditional *plea of guilty or no contest* under ORS 135.335.

> "(b)  The appellate court has authority to review whether the trial court erred by not merging determinations of guilt of two or more offenses, unless the entry of separate convictions results from an agreement between the state and the defendant."

ORS 138.105(5) (emphases added).

As that example illustrates, because guilty pleas and no contest pleas are not the same thing under Oregon law, to the extent that the legislature intends that they be treated the same way, it has enacted statutes to do that. The state has identified no statute—nor have we—that can be understood to make the reference in ORS 157.010 to a judgment given on a guilty plea to mean a judgment given on a no contest plea.

In sum, a judgment of conviction entered in justice court on a no contest plea is a judgment that is subject to appeal to the circuit court under ORS 157.010. The circuit court erred in concluding otherwise and in dismissing

defendant's appeal on the ground that it lacked jurisdiction of it.[2]

          Reversed and remanded.

          **KAMINS, J.,** dissenting.

          This criminal appeal presents a single legal issue: Can a defendant who pleads no contest to a misdemeanor in municipal court appeal the resulting conviction to a circuit court given that a defendant who pleads guilty may not? The majority concludes that the answer is yes. Because that result would frustrate the legislative intent to prevent such appeals, I respectfully dissent.

          I agree with that majority that the resolution of this case turns on this statutory language:

> "In a criminal action in a justice court, *except where the judgment is given on a plea of guilty,* an appeal may be taken from a judgment of conviction to the circuit court for the county in which the judgment is given, as prescribed in this chapter, and not otherwise."

ORS 157.010 (emphasis added). The majority's construction focuses solely on the text—nowhere in the text do the words "no contest plea" appear. But the analysis cannot, and should not, end there.

          As an interpretative matter, our role is to discern the legislature's intent. According to the majority's interpretation, the legislature intended to allow appeals to circuit

---

[2] The dissent engages in an elaborate but ultimately unavailing effort to equate a guilty plea with a no contest plea. 340 Or App at 359-60 (Kamins, J., dissenting). Those pleas are not and have never been the same. If the 1864 legislature had intended the predecessor to ORS 157.010 to apply to no contest pleas, it would have used different language than it did, perhaps, for example, drafting the statute to refer to guilty pleas and other pleas of confession. It did not do that, and we cannot pretend that it did.

The 1973 legislature that established no contest pleas in Oregon recognized the difference between guilty and no contest pleas and added references to no contest pleas to a number of Oregon statutes that deal with guilty pleas, but not to ORS 157.010. If the failure to amend ORS 157.010 to encompass no contest pleas was an oversight, it's an oversight that only the legislature can correct.

As it is, the Oregon Law Commission has proposed a comprehensive revision of justice court procedures, which has been introduced in the 2025 Oregon Legislative session as House Bill 2460. That bill, if enacted, could address the question that this case presents about the treatment of no contest pleas in justice court.

court from the entry of a no contest plea, but not a guilty plea. The majority identifies no support for that conclusion in the context or legislative history of the statute, nor does the majority offer a single reason—and I can think of none—that the legislature would have intended to treat the two pleas differently.

The text, as the majority acknowledges, is from a time before no contest pleas were formally recognized in Oregon's courts (or the term "no contest plea" even existed). 340 Or App at 354-55 (2025). The statute's context and legislative history, however, show that the legislature intended for ORS 157.010 to encompass all categories of pleas that have the same force and effect as guilty pleas in the context of criminal prosecutions, including no contest pleas.

In questions of statutory interpretation, we begin with the text and context of the statute. *See State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) (the first step in interpreting a statute is "an examination of text and context"). As the majority observes, the text alone precludes only appeals from guilty pleas made in justice courts and is silent on all other appeals—including appeals from convictions resulting from no contest pleas.

But text cannot be "interpret[ed] *** in a vacuum." *Alfieri v. Solomon*, 358 Or 383, 393, 365 P3d 99 (2015). In addition to text, we must also give "primary weight" to the statute's context. *Gaines*, 346 Or at 171. "Context for a statute can include 'essentially anything of which the legislature could have been aware at the time of a given enactment.'" *State v. Eggers*, 372 Or 789, 799-800, 558 P3d 830 (2024) (quoting *State v. Azar*, 372 Or 163, 175, 547 P3d 788 (2024)). As the language of the statute has remained relatively unchanged since 1864, the question, then, is what Oregon lawmakers, in 1864, could have been aware of regarding guilty pleas and other types of pleas that did not contest guilt.

While the legal concept known as a "guilty plea" has existed for more than eight centuries, the term "guilty plea" only came into common usage in the 1800s. Albert W. Alschuler, *Plea Bargaining and Its History*, 79 Colum L Rev 1,

11 (1979). Prior to that, "what we call a guilty plea was simply called a 'confession.'" *Id*. And, unlike today, those confessions were often not accepted by judges, at least for serious crimes:

> "[T]he so-called 'express confession' of the accused on arraignment, or plea of guilty, * * * were not commonly accepted and recorded as convictions in cases of felony. In [William Hawkins, 2 *Pleas of the Crown* 466 (8th ed 1824)], it is stated * * *
>
>> "'And where a person upon his arraignment actually confesses himself guilty * * * the judges, upon probable circumstances that such confession may proceed from fear, menace, or duress, or from weakness or ignorance, may refuse to record such confession, and suffer the party to plead not guilty.'"

*Tucker v. United States*, 196 F 260, 266 (7th Cir 1912), *overruled on other grounds*, *Hudson v. United States*, 272 US 451, 456-57, 47 S Ct 127, 71 L Ed 347 (1926) (internal citation omitted).

Similarly, although the "no contest plea" is a modern creation, another type of "confession" existed at common law: the nolo contendere plea, in which a defendant would not contest the charges against him but put himself at the mercy of the court and submitted to a small fine. Nathan B. Lenvin & Ernest S. Meyers, *Nolo Contendere: Its Nature and Implications*, 51 Yale L J 1255, 1256 (1942) (citing Hawkins, 2 *Pleas of the Crown* at 466). Indeed, to the extent that courts or legislatures in the 19th century did consider nolo contendere pleas, the plea—and its effect—were treated identically to a confession of guilt. *See* Alschuler, *Plea Bargaining and Its History* at 13 (noting that nolo contendere pleas were considered a subset of more general confessions). And just like other "confessions" at that time, nolo contendere pleas were accepted at a judge's discretion. *Tucker*, 196 F at 266; *Commonwealth v. Ingersoll*, 14 NE 449, 450 (Mass 1888) (a court "may accept or decline" a nolo contendere plea "in its discretion"). The nolo contendere plea, however, had the same effect as a guilty plea, and its sole difference from guilty pleas was that it could not be used as an admission against a defendant in a civil suit:

> "The plea of nolo contendere was long known at common law. It was there regarded, not as a plea of right, but as a plea of grace, to be accepted or refused by the court in its discretion. This was because the plea was neither one of guilty nor one of not guilty, but rather an appeal for mercy. *** *It was, however, treated as a plea and its effect, when entered, was that of confession of guilt*, and on a record thus made sentence could validly be imposed; but the confession, implicit in the plea, could not be used against the defendant in any civil suit for the same act."

*Hudson v. United States*, 9 F2d 825, 825 (3d Cir 1925), *aff'd*, 272 US 451, 47 S Ct 127, 71 L Ed 347 (1926) (emphasis added).[3]

Given the fact that nolo contendere pleas and guilty pleas had the same force and effect at common law, the 1864 legislature, in codifying the effect of pleading guilty would have no reason to distinguish between the two. *See Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 341, 353 P3d 563 (2015) ("The context for interpreting a statute's text includes the preexisting common law, and we presume that the legislature was aware of that existing law.").

That view persists today. Then, and now, no contest pleas are meant to have the same force and effect as guilty pleas. *See Bergerson v. Salem-Keizer School Dist.*, 194 Or App 301, 305 n 6, 95 P3d 215 (2004), *aff'd*, 341 Or 401, 144 P3d 918 (2006) (explaining that a plea of no contest is "the equivalent of a guilty plea"); *State v. Dawson*, 57 Or App 420, 425, 644 P2d 665 (1982) (a no contest plea "amounts to a guilty plea").

ORS 135.345, the statute explaining the result of a no contest plea, provides useful context for that understanding. That statute, which was adopted in 1973 as part of an overhaul of this state's criminal procedure code, provides that "[a] judgment following entry of a no contest plea

---

[3] We do not know whether Oregon courts accepted nolo contendere pleas at common law in the 1800s. The term appears for the first time in an Oregon appellate court decision in a 1959 case holding that a federal conviction stemming from a nolo contendere plea could not be used to support the disbarring of an attorney on moral turpitude grounds. *In re Maurice C. Corcoran*, 215 Or 660, 662, 337 P2d 307 (1959). That conclusion is consistent with the common law understanding of the plea: that it could not be used as an admission against a defendant in a later civil proceeding.

is a conviction of the offense to which the plea is entered." Put simply, the end result from both a guilty plea and a no contest plea is exactly the same: a judgment of conviction.

The majority understands that reasoning to be "fallacious" and points out that a judgment of conviction following a jury verdict is, like a plea, also a judgment of conviction. 340 Or App at 354. But that argument fails to account for the fact that the legislature intended the *pleas* to be similar in a way that it never intended a trial and a guilty plea to be. *Compare* Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Procedure Code, Final Draft and Report § 253, 150 (Nov 1972) (Commentary) ("[T]he purpose of the 'no contest' plea is to provide for more flexibility in the criminal pleading process, particularly in the *Alford* type of case.[4] The plea, however, would be considered to have *the same force and effect* as a 'guilty' plea." (Emphasis added.)) *and* Tape Recording, Criminal Law Revision Committee, Mar 9, 1972, Tape 5, Side 2 (comments of Commission Chairman Yturri that, under the draft, the effect of a no contest plea was a guilty plea so that it made little difference which plea was entered); *with* Commentary §§ 331-32 at 193-94 (a plea of not guilty results in an issue of fact that "shall" be tried by jury) *and* ORS 135.370 ("The plea of not guilty controverts and is a denial of every material allegation in the accusatory instrument.").

Finally, the majority, in reviewing Oregon statutes governing no contest pleas, notes that when the legislature evinces its intent to treat guilty and no contest pleas the same, it has, at times, done so explicitly. 340 Or App at 355. Indeed, the 1973 Criminal Code amended many other statutes to change "guilty pleas" to "guilty *or no contest* pleas" but did not add "or no contest pleas" to ORS 157.010. *See* Commentary §§ 254-56 at 150-51; *id.* §§ 590-91 at 288 (gathering amendments). It appears that the majority would take that failure to mean that the legislature in 1973 made a conscious choice not to add that language to ORS 157.010. But we have repeatedly held a later legislature's intent

---

[4] In *North Carolina v. Alford*, 400 US 25, 38, 91 S Ct 160, 27 L Ed 2d 162 (1970), the United States Supreme Court held that judges may, at their discretion, constitutionally accept guilty pleas from defendants who simultaneously assert their innocence, so long as there exists a "strong factual basis" for the plea.

has no bearing on what an earlier statute means. *See, e.g.*, *Bridge Creek Ranch v. Water Resources Dept.*, 329 Or App 568, 586, 541 P3d 920 (2023) (citing *DeFazio v. WPPSS*, 296 Or 550, 561, 679 P2d 1316 (1984) ("The views legislators have of existing law may shed light on a new enactment, but it is of no weight in interpreting a law enacted by their predecessors.")).

And to the extent that the 1973 legislature's intent even could assist this court in discerning the 1864 legislature's intent, that reasoning is unpersuasive. A closer examination of the legislative history of the 1973 Criminal Code revision shows that, far from the Commission making a substantive choice to exclude justice courts from its revision adding no contest pleas, the Commission simply ran out of time. Tape Recording, Criminal Law Revision Commission, Jan 28, 1972, Tape 4, Side 1.[5]

Even without that insight from the Commission's meeting, we still take care in reading legislative intent into legislative silence, *Crimson Trace Corp. v. Davis Wright Tremaine LLP*, 355 Or 476, 497-98, 326 P3d 1181 (2014) ("The mere expression of one thing does not *necessarily* imply the exclusion of all others." (Emphasis in original.)), and only do so in the absence of more direct evidence, *MEC Oregon Racing, Inc. v. Oregon Racing Comm.*, 233 Or App 9, 20, 225 P3d 61 (2009), *rev den*, 348 Or 280 (2010) ("[A] rule of permissible [negative] inference * * * gives way to other, more direct, and contrary evidence of legislative intent." (Emphasis omitted.)).

Without legislative history of the 1864 legislature's original provision to guide interpretation, we turn to general maxims of construction to help "in resolving the remaining uncertainty." *Landwatch Lane County v. Lane*

---

[5] Robert W. Chandler, a member of the Commission, observed that if the Commission could complete its revision of the criminal procedure code within the allotted period and still have time to revise the criminal procedure statutes of municipal and justice courts, he "wouldn't object to taking it on," but he would be opposed to adding that task "at the present time," given that the Commission was supposed to complete its entire revision in the next seven months. Tape Recording, Criminal Law Revision Commission, Jan 28, 1972, Tape 4, Side 1.

After further discussion, the Commission concurred with Mr. Chandler and never revised any of the municipal court and justice court criminal procedure statutes.

*County*, 335 Or App 543, 546, 560 P3d 104 (2024) (quoting *Gaines*, 346 Or at 172). In particular, we have often chosen to adopt "the construction the legislature most likely would have preferred had it thought about the matter." Hon. Jack L. Landau, *Oregon Statutory Construction*, 97 Or L Rev 583, 728 (2019); *see also Angle v. Board of Dentistry*, 294 Or App 470, 479, 431 P3d 447 (2018) ("[W]hen a specific issue is not addressed clearly in a statute or its legislative history, we use the broader purpose of the statute as a guide in our attempt to discern what the legislature would have intended had it considered it." (Internal quotations omitted.)). Had the 1864 legislature considered whether to allow appeals from the subcategory of confessions we now call no contest pleas, there is no indication, or reason why, they would have treated those appeals differently than appeals from guilty pleas.

        To summarize: Convictions from no contest pleas should not be treated differently than convictions from guilty pleas. I would affirm the lower court's grant of the state's motion to dismiss defendant's appeal because a circuit court may not review the judgment of conviction of a defendant that pleads no contest to a state crime in municipal court. Therefore, I respectfully dissent.