Submitted March 6, Defendant reprimanded May 19, 1954

IN RE : COMPLAINT AS TO THE CONDUCT OF
## MAURICE C. CORCORAN
270 P. 2d 158

Proceeding in the matter of Complaint as to the conduct of Maurice C. Corcoran, attorney.

ROSSMAN, J.

The Board of Governors of the Oregon State Bar has recommended that this court administer a reprimand to the defendant, Maurice C. Corcoran, who became a member of the Oregon Bar in 1934. The recommendation was made after two charges filed against the defendant, each of which accused him of conduct unworthy of an attorney, had been sustained by the Board. One of the charges accused the defendant of neglecting an item of immigration business which was forwarded to him by some California practitioners. The other charge was based upon the fact that after

he had undertaken as an attorney to conduct the probate of a decedent's estate, small in amount and simple in nature, he procrastinated, and thereby five years ran before he concluded his undertaking.

The defendant made no effort to justify his derelictions. He voluntarily agreed to repay as soon as he was able the small fee which he had received in the immigration matter. Realizing that his want of attention to the probate matter would cost the estate the annual premiums upon the administrator's bond, the defendant voluntarily made the payments out of his personal funds. Evidently his sense of justice prompted him to do so.

The charges against Mr. Corcoran did not accuse him of deceit, dishonesty, untruthfulness or the misapplication of money. His lack of attention to the business entrusted to him prejudiced his client in the immigration matter and embarrassed the California attorneys who had forwarded it to him. In the estate matter, the defendant's dilatory action cost the estate nothing. It, however, inconvenienced and annoyed the administrator. It subjected the probate court to the trouble of serving upon him notice that he was neglecting his duties.

The defendant, without attempting to justify his action in the immigration matter, stated that while it was pending he was having domestic difficulties and resorted to the use of alcohol. He made, in part, the same explanation concerning the estate matter, but added that after he had once neglected that item he found it impossible to renew his interest in it and attend to its final phases. The record shows that he eventually employed another attorney to prepare and file the final papers. He paid that attorney out of his own pocket.

As we have seen, this case presents no charges of dishonesty, lack of veracity, want of skill or misapplication of money. But the absence of diligence may be as damaging to a client and as hurtful to the profession's prestige as any other inexcusable element of a lawyer's accoutrements. In the estimation of some, dilatoriness characterizes the administration of justice. The high credit to which the profession becomes entitled from the fact that most of its members act with promptness and timely maintain their engagements is cancelled by the ill-chosen conduct of the few who are the laggards. Mr. Corcoran is by no means the only member of the profession who needs to learn the lesson of diligence. When Lincoln was practicing law, he wrote: ''The leading rule for the man of every calling is diligence. Leave nothing for tomorrow which can be done today. Never let your correspondence fall behind. Whatever piece of business you have in hand, before stopping, do all the labor pertaining to it which can be done.'' When the accused discovered that he could not renew his interest in an item of business [the probate matter] which had grown shelf-worn while lingering neglected in his office, he learned a lesson which all need to learn. Evidently he profited from that experience, for he swore that all of his present business is receiving prompt attention.

The defendant is 46 years of age. He is the father of three children. So far as we know, he has never previously been the subject of complaint. After being admitted to the practice of law, he displayed an ambition to win a place in the profession. At the outset he worked for automotive finance companies. Then he joined the Department of Justice in the Immigration Service. After seven and one-half years in that work he engaged in the private practice of the law. His

diligent efforts and the practical learning which he acquired while in the government employ should bring him a good reward, but hard-won ground, gained by arduous effort, can be lost in a very short time if the individual tires in the struggle and embraces unworthy habits.

The humiliation which the accused suffered when he was forced to appear, first before the Bar's grievance committee, and next before the Board of Governors, and in each instance lay bare before his fellow practitioners his unlawyerlike conduct was in itself a severe penalty. The recommendation of the Board of Governors that we reprimand Mr. Corcoran is adopted. We shall permit the narrative of his lack of attention to the two above-mentioned items of business and the profession's condemnation of his course serve as the reprimand.