Argued and submitted June 25, complaint dismissed July 23, 1980

In Re Complaint as to the Conduct of

## JOHN R. SIDMAN,
*Accused.*

(OSB 78-12, SC 26816)

614 P2d 1135

ıJack H. Cairns, Portland, argued the cause and filed the brief for the Accused.

Warner E. Allen, Portland, argued the cause and filed the brief for the Oregon State Bar.

PER CURIAM.

## PER CURIAM.

This is a disciplinary proceeding by the Oregon State Bar charging the accused with conduct involving an improper conflict of interest. It is a companion case to *In re Smith,* 289 Or 501, 614 P2d 1136 (1980), decided this day and involves the same facts as set forth in our opinion in that case.

The Trial Board found the accused not guilty. The Disciplinary Review Board, however, found that there was an appearance of impropriety in the conduct of the accused for which it recommended a public reprimand. One member of that Board dissented from that finding and recommendation and agreed with the finding by the Trial Board.

The complaint alleged that the accused and Brice Smith were partners through June 1977 and *de facto* partners "for a period of time thereafter"; that in 1977 the accused gave legal advice to Mrs. Baker; that "on or about June 15, 1978" (sic) she "retained the firm of Sidman & Smith to represent her"; that Smith undertook that responsibility; that in July 1977 the accused purchased her interest in real property "at a price substantially below that he had offered other interest holders"; that in doing so the accused "had a substantial conflict of interest that precluded impartial and vigorous representation" of Mrs. Baker, and that by failing to disclose the higher offers the accused "took unfair advantage" of her to her detriment and to his gain.

It appears from our examination of the record, however, that although the partnership continued for accounting purposes until July 1, 1977, it was terminated on June 1, 1977, subject to such an accounting; that the accused did not give legal advice to Mrs. Baker; that Mrs. Baker did not retain the partnership to represent her in a divorce proceeding and was not a client of the partnership, but on or about June 15, 1977, retained Mr. Smith to represent her; that the

negotiations with her through Mr. Smith, as her attorney, for purchase of her interest in the real property did not take place until after July 1, 1977; that although the price at which the accused purchased her interest in the property was based upon a valuation lower than that used as the basis for offers by the accused to other interest holders, the nature of her interest was such that it cannot be said that the price offered to her was less than the fair value of her interest and, in fact, her interest was worth nothing because it was awarded to her husband in the divorce proceeding; that before selling her purported interest in the property the previous relationship between Mr. Smith and the accused was explained to her, and that she has made no complaint of the conduct of either the accused or Mr. Smith.

Faced with these facts of record, including the fact that the partnership was dissolved prior to negotiations by the accused with Mrs. Baker, the Oregon State Bar does not contend by its brief in this court that the conduct of the accused involved an actual conflict of interest in violation of DR 5-105, except to the extent that "a lawyer has a duty both to his own former clients and to those former clients of the law firm of which he is a member." In this case, however, Mrs. Baker was never a client of either the accused or the partnership of Sidman & Smith.

In its brief to this court the contention by the Bar, in accordance with the recommendation by the Disciplinary Review Board, is that "the accused's conduct violated Canon 9" of the Code of Professional Responsibility, which provides that:

"A lawyer should avoid even the appearance of impropriety."

Thus, it is contended that:

"Even if one accepts the premise that the Sidman/Smith partnership was dissolved prior to any substantial negotiation for sale of the Baker property, the conduct of the accused attorneys clearly

created an appearance of impropriety to the general public."

It is not contended that the conduct of the accused was proscribed by the more specific provisions of DR 9-101(A), (B) or (C).

For the reasons stated in our opinions in *In re Smith, supra,* and *In re Ainsworth,* 289 Or 479, 614 P2d 1127 (1980), also decided this day, a charge of an "appearance of impropriety," in violation of Canon 9, does not provide a proper or sufficient basis for a disciplinary proceeding against a lawyer by the Oregon State Bar. It follows that the complaint against the accused must be dismissed.