Argued and submitted October 6, 1980, Accused suspended for thirty days
January 20, 1981

# In re: Complaint as to the Conduct of
## LARRY K. HOUCHIN,
### *Accused.*

(No. 78-53, SC 26951)

622 P2d 723

Merle A. Long, of Long, Post, Delapoer & Koos, P.C., Albany, argued the cause and filed a brief for the accused.

Bruce H. Grim, Salem, argued the cause for the Oregon State Bar. On the brief was Jean W. Christensen, Salem.

PER CURIAM

**PER CURIAM.**

In this disciplinary proceeding, the Bar's complaint contained three charges arising out of activities of the accused as a student and as an instructor in certain courses offered during the 1976-77 school year at Linn-Benton Community College (college). The Trial Board found the accused not guilty of all charges. The Disciplinary Review Board found the accused guilty of the first charge and not guilty of the second and third charges.[1]

From the evidence it appears that for several years the accused was employed as a deputy district attorney in Linn County and, at the time in question, was chief deputy. By reason of previous military service, he was entitled under federal law to certain educational benefits relating to payment of tuition and fees and subsistence. He wanted to use those benefits before his eligibility expired.

As to the first cause of complaint, the allegations of the complaint, as admitted in the answer, establish further facts. The accused enrolled at the college as a student for the fall term of 1976. At the same time he was employed by the college as instructor for a course entitled "Civil Procedures." In that term he registered for classes that would qualify him for payment of educational benefits by the Veterans' Administration (VA). In early October the college cancelled a class in which he had previously enrolled. On or about October 6 he enrolled as a student in "Civil Procedures" in order to maintain his VA benefits at the same level as before the cancellation.[2] On November 4 he

---

[1] The third charge, or cause of complaint, was that the course of conduct described in the first two charges, "taken in the aggregate," demanded disciplinary action. Since we agree with the Trial Board and the Disciplinary Review Board that the accused is not guilty of the second charge, there is no proper finding other than not guilty on the third charge.

[2] In addition to the facts established by the pleadings, the accused testified:

"A * * * At this point we were three weeks into the term. Those who didn't want to just drop and get their money back had to find another course to fill in.

" * * * * *

"Q What was the difference between nine hours and six hours?

"A It was right at $100 and some dollars a month. I had taken six hours in the summer and that is my recollection."

was advised by the VA that his enrollment in "Civil Proce-dures" was not approved, and on the following day he enrolled in yet another course to keep his total number of credit hours at the previous level.

The complaint originally charged that in order to receive those benefits the accused was required to maintain nine credit hours per term. The accused denied that allega-tion. At the commencement of proceedings before the Trial Board, the Bar proposed to delete that allegation from the complaint and to substitute: "The applicant wished to maintain V.A. benefits and nine credit hours." The record does not reflect any action by the Trial Board upon that proposal. The original complaint transmitted to this court reveals no amendment by way of obliteration or interlinea-tion, and there is no amended complaint in the record. This hearing was conducted before publication of our decision in *In re Galton,* 289 Or 565, 615 P2d 317 (1980), and this Trial Board, therefore, could not be expected to heed our request there made concerning amendments.[3] We conclude that, considering the record in the light most favorable to the accused, the original specific allegation is deemed with-drawn and that the substitute was not made.

The accused denied that his conduct was unethical.

---

[3] We quote the request here for the purpose of emphasis and point out that it is not only the responsibility of the Trial Board, but also of counsel for the Bar and for the accused, to ensure a proper pleading record:

"The Trial Board allowed amendments to both the third and fourth charges. The amendments to the fourth charge were substantial. The original complaint does not show by interlineation or obliteration any of those amend-ments. There was no amended complaint filed. The text of the amendments must be gleaned from a search of the transcript. We realize that a group of lawyers serving as a Trial Board is contributing its time 'for the good of the order,' but the failure to cause the amendments to be reflected in the pleadings themselves results in false starts for the Review Board and this court. Where amendment to the pleadings is allowed by interlineation or obliteration, the chairman of the Trial Board should take care that this is physically performed forthwith. If amendment is otherwise allowed, counsel should be required to submit an amended pleading.

"Having said that, we would note that the Trial Board in this case submitted an excellently organized written decision and appended thereto a list of exhibits received. In this respect the work of the Trial Board was of uncommon aid to this court in its review."

*In re Galton,* 289 Or at 572, 615 P2d at 321, n. 5.

As to the second cause of complaint, the admitted allegations further establish that during the 1976-77 school year and the following school year, the accused enrolled at the college to obtain an associate degree in general studies "as a student to receive Veterans' Administration benefits." Among other subjects, he took courses entitled "Legal Aspects of Evidence; Legal Assistants and Legal Research; Elements of Supervision; Law of Banking; Industrial Safety II; Introduction to Criminal Law; Psychology for Supervisors; Introduction to Business; Small Business Management; Introduction to Law; and 'I'm Okay, You're Okay.'"

The accused denied that he took the courses "for the purpose of obtaining money from the Veterans' Administration and not for the purpose of qualifying the Accused for employment." He further denied that his conduct was unethical or deserving of discipline.

## I. The First Cause of Complaint

■ The Bar's position is that the accused's conduct violates Disciplinary Rule 1-102(A)(4): "A lawyer shall not: Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."[4] The Bar is asserting that the accused knew that he could not receive credit for taking a course that he was employed to teach and that, nevertheless, he enrolled in that course for the sole purpose of avoiding a reduction in his VA subsistence payments, and thereby obtained VA benefits to which he was not, and could not be, entitled. The accused's explanation is that, when faced with the cancellation of the class in early October, he could not find another course to substitute that did not conflict in scheduling with his other classes. He asserts that he only enrolled in his own class as a stopgap measure to enable him to find a course which would not present a scheduling conflict.

On cross-examination the accused testified:

---

[4] Compare the text of DR 1-102(A)(4) with that of ORS 9.480(4):

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever * * * it appears to the court that: * * * [h]e is guilty of wilful deceit or misconduct in his profession."

The disciplinary rule is not limited to conduct in the lawyer's profession.

"Q. When you registered in your own class, Mr. Houchin, did you feel you were going to benefit personally as well as financially?

"A. No. My reason in doing that was to keep the veteran benefits from being reduced or terminated until I found another course to register in. I did benefit, because in that course I did more research than I did in all the other courses because I am not daily working in civil matters. But I didn't benefit exactly as a student, but because I had to work as a teacher."

The evidence indicates, however, that the accused did not diligently concern himself with finding another course in which to register. Some four weeks went by until he was notified that the VA would not pay benefits for taking his own course. Apparently he was quite willing to accept subsistence benefits as a nine-hour credit student rather than what he actually was, namely, a six-hour credit student, until the VA balked.[5] He then immediately dropped his own course and signed up for a course entitled "Concepts." That class met at the same time as did "Introduction to Law," another course being taken by the accused at the time.

We find, as did the Disciplinary Review Board, that the accused intended to continue in Civil Procedures and was not working to resolve a scheduling conflict. We hold that the accused's conduct is proscribed by Rule 1-102(A)(4) quoted above. The accused is guilty of the first cause of complaint.

## II. The Second Cause of Complaint

The Bar originally took the position that Canon 9 was violated: "A lawyer should avoid even the appearance of impropriety." We find it to be clear that the accused's motive in enrolling in the rather fundamental, law-related courses named above was primarily financial; nevertheless, both the college and the VA were fully advised by the accused of his educational background, and both approved his enrolling in those courses for credit. Such conduct is clearly not within any of the three specific situations described in DR 9-101(A),(B), or (C) and, therefore,

---

[5] The accused testified that there was over $100 per month difference in the two levels of subsistence payments.

does not violate Canon 9. *In re Ainsworth,* 289 Or 479, 493, 614 P2d 1127, 1134 (1980). *See also, In re Sidman,* 289 Or 495, 499, 614 P2d 1135, 1136 (1980), and *In re Smith,* 289 Or 501, 510, 614 P2d 1136, 1141 (1980).

■ The Bar now concedes there is no violation of Canon 9 as limited in scope by those three cases. Although that concession is not binding upon this court, we concur and find the accused not guilty on the second cause of complaint.

We find the Oregon State Bar to be the prevailing party and therefore award judgment to the Oregon State Bar against the accused for the Bar's actual and necessary costs and disbursements incurred in these disciplinary proceedings.

■ Finally, we must determine what action the court will take with respect to the accused's unethical conduct. It appears that some notoriety in the area where the accused practices has already obtained and that perhaps the accused has lost a chance for gubernatorial appointment to a judicial position by reason of this matter. Accused asserts that in these circumstances he has already been sufficiently "punished"[6] and this court should not further heap coals. This court is always mindful of the fact that notoriety may attend upon unethical behavior and that disciplinary proceedings are very probably humiliating to a member of a learned profession. That has not prevented us in the past from imposing sanctions. *See,* for example, *In re Bartlett,* 283 Or 487, 584 P2d 296 (1978), and *In re Maurice C. Corcoran,* 201 Or 371, 270 P2d 158 (1954).

The Disciplinary Review Board recommended that the accused be reprimanded, but we believe that to be an insufficient sanction. We have found that the accused was at least dishonest in his dealings with the VA and by reason of that dishonesty obtained money to which he was

---

[6] The primary purpose of bar disciplinary proceedings is not punishment of the lawyer; rather, it is protection of the public. *In re English,* 290 Or 114, 125, 618 P2d 1275 (1980). *See also In re George M. Sennatt,* 211 Or 358, 315 P2d 557 (1957), where we said that disciplinary proceedings are "brought not for the purpose of punishing the offender, but rather to insure professional conduct consistent with the high ideals and obligations of the calling."

not entitled.[7] We find and hold that suspension from practice for a period of 30 days is appropriate.

The accused is suspended from the practice of law for a period of 30 days from the date of the entry of the mandate herein. Judgment is hereby awarded in favor of the Oregon State Bar and against the accused for the amount of the actual and necessary costs and disbursements of the Oregon State Bar incurred in this entire disciplinary proceeding.

---

[7] It appears that the VA and the accused have a dispute concerning the amount of benefits which should have been paid to the accused, but we are concerned only with the something over one hundred dollars mentioned in n. 2, *supra.* The accused seems to concede that he should return that sum:

"Q Are you contesting that amount that would apply to the time you were taking a civil procedures course which you were teaching?

"A Yes, that is within the last two years I was there. And the Veterans' Administration's allegation is that I wouldn't have been entitled to benefits beyond the second term I was registered.

"Q I want to know if you're contesting returning that amount of money that was given to you when you were taking a class you were also teaching?

"A I'm not contesting returning the money. They are the ones who certified me. They approved all the courses. If they want to claim I owe them for a one month period for one class, then I would not contest that. That's not what they're doing. They're only interested in the total time.

"Q But you personally feel the amount of money that would be for the time when you were taking your own course should be returned to the V.A.?

"A If they claim it's because of that particular time and because I was not approved as a student in my own course, I would not contest it."